UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| EAST COAST BROKERS & PACKERS, INC. | Case No. 8:13-bk-2894-KRM |
| BATISTA J. MADONIA, SR. and EVELYN M. MADONIA, | Case No. 8:13-bk-2895-KRM |
| CIRCLE M RANCH, INC. | Case No. 8:13-bk-2896-KRM |
| RUSKIN VEGETABLE CORPORATION, | Case No. 8:13-bk-2897-KRM |
| OAKWOOD PLACE, INC., | Case No. 8:13-bk-2898-KRM |
| BYRD FOODS OF VIRGINIA, INC., | Case No. 8:13-bk-3069-KRM |
| EASTERN SHORE PROPERTIES, INC., | Case No. 8:13-bk-3070-KRM |
| STELLARO BAY, INC., | Case No. 8:13-bk-3071-KRM |
| Debtors. | **Jointly Administered Under Case No. 8:13-bk-2894-KRM** |

_____/

### ORDER GRANTING CORRECTED EXPEDITED MOTION FOR ORDER AUTHORIZING THE SALE OF SAILFISH POINT PURSUANT TO 11 U.S.C. § 363 [ECF 347]

THIS MATTER came before the Court on August 12, 2013, at 3:00 p.m. (the "**Sale Hearing**") upon the *Corrected Expedited Motion for Order Authorizing the Sale of Sailfish Point Pursuant to 11 U.S.C. § 363* (the "**Motion**")[ECF No. 347] filed by the Trustee, Gerard A. McHale, Jr., the duly appointed and acting Chapter 11 Trustee.

The Court, having read and considered the Motion, having obtained certain proffers on the record, having considered arguments of counsel, and having been advised that Wauchula State Bank consents to the sale, finds and concludes as follows:

A.  The Court has jurisdiction to hear and determine the Motion and all related matters pursuant to 28 U.S.C. §§ 1334 and 157. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicate for the relief granted herein is sections 363(b) and (f) of the Bankruptcy Code, as supplemented by Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

5136878-2

NOW, THEREFORE THE COURT FINDS, DETERMINES AND CONCLUDES AS FOLLOWS THAT:

1. The Trustee has received an offer to purchase the real property located at 3001 SE Island Point Lane, Unit 34, Stuart, Florida (the "**Real Property**") from Terry Sailfish Point Realty Trust ("**Buyer**") and the Buyer has agreed to the purchase price of $715,000.00, upon the terms and conditions contained in the Real Estate Purchase and Sale Agreement (the "**Contract**") attached as Exhibit A to the Motion. The legal description of the Real Property is attached to this Order as Schedule 1.

2. The Real Property shall be sold "AS IS", "WHERE IS", with all faults. The Closing is to be held within three (3) business days from receiving the Bankruptcy Court's approval (the "**Closing Date**").

3. The proposed sale of the Real Property has been undertaken in good faith and at arm's length by and between the Trustee and the Buyer.

4. The Trustee has advanced sound business reasons for seeking the sale of the Real Property outside of a plan of reorganization, and it is in the best interest of the estate to sell the Real Property and for the Trustee to execute, deliver and perform his obligations hereunder.

5. The total consideration to be realized by the estate pursuant to the sale is fair and reasonable, and the sale of the Real Property is in the best interests of the Debtor's estate.

6. The Real Property is encumbered by a first mortgage lien in favor of Wachula State Bank, a second lien in favor of Anthony Marano Company and a third lien in favor of Crop Production Services. Each of the lienors consents to the sale and the entry of this Order. No other creditor objected to the Sale.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED that**:

A. Good and adequate notice of the Sale Hearing has been provided under the circumstances.

B. The Contract is approved in all respects. The parties are authorized and directed to undertake the transactions set forth in the Contract and authorized by this Order.

C. Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, and for the total consideration to be paid for the Real Property, at closing, the Trustee is authorized and directed to sell and transfer all of the right, title and interest of the estate in and to the Real Property to the Buyer.

D. The sale of the Real Property is approved in its entirety, and the Trustee, is authorized, empowered and directed to execute and deliver such documents and perform all things necessary to effectuate this Order and to consummate the transactions contemplated by this Order, the Contract, and pursuant to the Motion.

E. Pursuant to §363(b) and (f) of the Bankruptcy Code, the Real Property will be sold and transferred to the Buyer free and clear of any and all liens, encumbrances, interests or claims whether or not allowable (as such terms are defined in the Bankruptcy Code), security interests, title retentions, charges, and any other interest in such property of an entity other than the Debtors' estate including, (collectively, the "**Encumbrances**"), in existence as of the date of closing, whether arising prior or subsequent to the filing date of the Debtors' voluntary petition in bankruptcy, with such Encumbrances attaching to the proceeds of the sale at closing, with the same priority, validity, force and effect as they now have against the Real Property. All Encumbrances shall attach solely to the proceeds of the sale and neither the Real Property nor the

Buyer shall have any liability therefore, except for liabilities arising from and after the closing date. The Buyer has not assumed responsibility for any of the debts, claims, liabilities and obligations, liquidated or contingent, of the Debtors' estate except as specifically provided in the Contract and this Order.

      F.    At Closing, the Trustee is authorized and directed to pay: (i) all necessary documentary stamp taxes on the deed estimated to be $5,005.00; (ii) outstanding taxes due to Martin County Tax Collector, if applicable; (iii) all costs associated with the commitment and the premium on the owner's title policy; (iv) Murray Wise and Associates, Inc. its Transaction Fee equal to 5% of the gross proceeds; (v) retain 1.75% of the gross proceeds of the sale as a Carve-Out; (vi) amount due to Southern Isle Condominium Association, Inc.; (vii) amount due to Sailfish Point Property Owners' Association, Inc., and (viii) pay Wauchula State Bank all remaining net proceeds.

      G.    The provisions of this Order authorizing the sale of the Real Property free and clear of Encumbrances at closing shall be self-executing and, upon closing, shall constitute a satisfaction and release of all liens, claims, interests, charges and encumbrances on the Real Property. Neither the Trustee nor the Buyer shall be required to execute or file releases, termination statements, assignments, consignments, or other instruments in order to effectuate, consummate and implement the foregoing provisions; provided, however, that this decretal paragraph shall not excuse such parties from performing any and all of their respective obligations under this Order. The Buyer is further authorized, upon closing, to execute and file such additional statements, instruments, releases or other documents as are necessary or commercially reasonable to discharge liens recorded on public records.

H. In the event that the Buyer fails to close by the Closing Date, the Buyer shall forfeit its Deposits.

I. The Contract and related documents may be modified, amended or supplemented by the parties thereto without further order of the Court, provided that any such modification, amendment or supplement is not material.

J. This Order shall be binding upon and inure to the benefit of the Debtors' estates, the Buyer and their respective assignees.

K. The Provisions of this Order are non-severable and mutually dependent.

L. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Order.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on August 16, 2013.

_____
K. RODNEY MAY
United States Bankruptcy Judge

Copy to:
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
*(Attorney Guso is directed to serve a copy of this Order on interested parties and file proof of service within 3 days of entry of the Order).*

# SCHEDULE 1
## Legal Description

Condominium Unit No. 34-B of SOUTHERN ISLE, a Condominium, according to the Declaration of Condominium recorded in Official Records Book 938, Page 846, and all exhibits and amendments thereof, Public Records of Martin County, Florida.