UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| EAST COAST BROKERS & PACKERS, INC. | Case No. 8:13-bk-2894-KRM |
| BATISTA J. MADONIA, SR. and EVELYN M. MADONIA, | Case No. 8:13-bk-2895-KRM |
| CIRCLE M RANCH, INC. | Case No. 8:13-bk-2896-KRM |
| RUSKIN VEGETABLE CORPORATION, | Case No. 8:13-bk-2897-KRM |
| OAKWOOD PLACE, INC., | Case No. 8:13-bk-2898-KRM |
| BYRD FOODS OF VIRGINIA, INC., | Case No. 8:13-bk-3069-KRM |
| EASTERN SHORE PROPERTIES, INC., | Case No. 8:13-bk-3070-KRM |
| STELLARO BAY, INC., | Case No. 8:13-bk-3071-KRM |
| | **Jointly Administered Under** |
| Debtors. | **Case No. 8:13-bk-2894-KRM** |

_____/

**TRUSTEE'S EXPEDITED MOTION (A) TO RATIFY SALE OF CERTAIN PERSONAL PROPERTY; (B) TO AUTHORIZE REMOVAL OF PERSONAL PROPERTY LOCATED ON FARMS FORMERLY LEASED TO DEBTORS; AND (C) FOR OTHER RELIEF [EXPEDITED HEARING REQUESTED[1]]**

Gerard A. McHale, Jr., the duly appointed and acting Chapter 11 Trustee (the "**Trustee**")

for the estates of East Coast Brokers & Packers, Inc. ("**East Coast**"), Batista J. Madonia, Sr.

a/k/a Batista J. Madonia Jr. and Evelyn M. Madonia (together the "**Madonias**"), Circle M.

Ranch, Inc. ("**Circle M**"), Ruskin Vegetable Corporation ("**Ruskin Vegetable**"), Oakwood

Place, Inc. ("**Oakwood Place**"), Byrd Foods of Virginia, Inc. ("**Byrd Foods**"), Eastern Shore

Properties, Inc. ("**Eastern Shore**"), and Stellaro Bay, Inc. ("**Stellaro Bay**") (collectively the

"**Debtors**"), by and through undersigned counsel and pursuant to 11 U.S.C. § 363, files this

Motion (the "**Motion**") for entry of an Order (a) declaring East Coast the owner of the Pumps and

Sand Filters (as defined below), (b) authorizing the purchaser of equipment at the September 4,

---

[1] In connection with the hearing to consider final approval of the Sale Motion [Dkt. No. 296], the Court stated that it would consider this Motion within 10 days of filing and service of the Motion.

2013 auction to enter upon the farms previously leased to the Debtors solely in order to retrieve the property purchased by them at auction, and (c) enjoining any lessor from denying access to such purchasers for these purposes.  In support of this Motion, the Trustee respectfully represents as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Background

2.      On March 6, 2013 and March 11, 2013 (the "**Petition Dates**"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3.      Pursuant to an Order entered by this Court dated March 13, 2013, the Debtors' Chapter 11 cases are being jointly administered for procedural purposes only under *In re: East Coast Brokers & Packers, Inc.*, Case No. 8:13-bk-2894-KRM.

4.      On June 20, 2013, the Court entered *Order Granting MLIC's Motion to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §1104, or in the Alternative, to Dismiss the Case Pursuant to 11 U.S.C. §1112* [Dkt. No. 264], which Order approved the appointment of a chapter 11 trustee in lieu of dismissal.

5.      On June 20, 2013, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Dkt. No. 268] and an *Application for Order Approving Appointment of Trustee* [Dkt. No. 269] which motions otherwise seek to appoint Gerard A. McHale, Jr. as the chapter 11 trustee.

6.      On June 21, 2013, the Court entered the *Order Approving Application to Appoint Chapter 11 Trustee, Gerard A. McHale, Jr.* [Dkt. No. 271].

7.      Since his appointment, the Trustee has conferred with both the principals of the Debtors and the Debtors' secured creditors, including but not limited to Anthony Marano Company, Crop Production Services, Inc., MLIC Assets Holdings, LLC and MLIC CB Holdings, LLC (collectively, the **"Secured Creditors"**).

8.      On July 10, 2013, the Trustee filed the *Chapter 11 Trustee's Emergency Motion to Sell Property Free and Clear of Liens and Other Interests with Liens to Attach to Proceeds Pursuant to 11 U.S.C. 363(f)* (the "**Sale Motion**") [Dkt. No. 297].

9.      On July 24, 2013, the Court entered the *Order (I) Granting Trustee's Emergency Motion to Establish Sales Procedures for Public Sale of Real and Personal Property, (II) Granting, in Part, Trustee's Emergency Motion to Sell Property Free and Clear of Liens, and (III) Scheduling Further Hearings* (the "**Sale Procedures Order**") [Dkt. No. 319].  The Sale Procedures Order authorizes the Trustee to, *inter alia*, to conduct absolute auction sales of the Debtors' vehicles, equipment and rolling stock, which are collectively defined in the Sale Procedures Order as "Personal Property Assets.

10.     On August 28, 2013, the Trustee conducted the auction of the Personal Property Assets located in Florida, and on September 4, 2013, the Trustee conducted the auction of the Personal Property Assets located in Virginia.

11.     The Personal Property Assets auctioned in Virginia included pumps, filters and related equipment that form part of the water irrigation systems on the farms formerly occupied by some of the Debtors.  These include the pumps and sand filters depicted on the attached composite **Exhibit A**  (the "**Pumps and Sand Filters**") which are located on property commonly

referred to as the "Van Kesteren Farm."

12.     East Coast formerly used and occupied the Van Kesteren Farm under a written lease agreement (the "**Lease**") with Van Kesteren Farms, Inc. ("**Van Kesteren**").

13.     On June 4, 2013, the Court entered an order [Dkt. No. 223] (the "**Van Kesteren Lease Order**") (a) determining that the Lease had expired by its own terms, (b) determining that the East Coast had no interest in the Lease that it could assume or assign, (c) granting the Debtors 30 days from the date of the order to remove all personal property (other than irrigation equipment) from the Van Kesteren Farm, and (d) declaring that any personal property left on the Van Kesteren Farm after the expiration of 30 days would be deemed abandoned by the Debtors. With respect to the removal of irrigation equipment, the Van Kesteren Lease Order provides that such equipment shall be removed between growing seasons on such terms as Van Kesteren, the Debtors and the current tenant may agree.  (See, Van Kesteren Lease Order, ¶ 3).

14.     During this 30 day period, the Court directed the appointment of the Trustee. The Trustee requested, and Van Kesteren graciously agreed, to grant the Trustee an additional 30 days to remove the personal property.

15.     On each of July 22, 23, and 24, 2013, Weeks Auction Company ("**Weeks**"), a subcontractor to Murray Wise Associates, LLC ("**MWA**") went to the Van Kesteren Farm to remove the personal property belonging to the Debtors.  Weeks removed all the personal property identified by Van Kesteren as belonging to the Debtors.   Van Kesteren did not tell Weeks that the Pumps and Sand Filters belonged to the Debtors.

16.     One week before the September 4, 2013 Virginia auction, Weeks learned that the Pumps and Sand Filters belonged to East Coast.   Weeks included the Pumps and Sand Filters in the auction, although Weeks only posted pictures of the equipment as it was not located on the

site of auction.

17.    On the day of the auction, representatives of Van Kesteren appeared and objected to the sale of the Pumps and Filters contending that such property had been abandoned by the Debtors and belonged to Van Kesteren.    The Trustee's representatives advised Van Kesteren that the Trustee disputed this assertion as the Trustee did not know that the Pumps and Sand Filters belonged to the Debtors.  Had Weeks known that, it would have retrieved the Pumps and Sand Filters when it retrieved the other personal property belonging to the Debtors.

18.    Van Kesteren's representative then advised that anyone, including Weeks or other representative of the Trustee, who came on to the Van Kesteren Farm for purposes of retrieving the Pumps and Sand Filters would be considered trespassers and subject to arrest.

19.    In order to address the controversy without disrupting the auction, the Trustee, in consultation with MWA and the Secured Creditors who were present, decided to auction the Filters and Sand Pumps subject to the following conditions: (a) the sale would be subject to approval of this Court, (b) the Prevailing Bidder would be required to post the full amount of its prevailing bid, in escrow, on the day of the auction, (c) the Prevailing Bid would also be conditioned on the Prevailing Bidder being granted access to the Van Kesteren Farm for purposes of retrieving the Pumps and Filters (either with the consent of Van Kesteren or pursuant to order of this Court); and (d) the Prevailing Bidder would be responsible for repairing damage, if any, to the dock caused by the removal of that portion of the equipment attached to the dock.

20.    Subject to the foregoing, Del Monte Fresh Produce was deemed the Prevailing Bidder for the Pumps and Sand Filters.

21.    The Van Kesteren Lease Order provides that any dispute between the parties regarding the ownership of any personal property shall be determined by this Court.

22.     The Trustee requests that the Court determine that the Pumps and Sand Filters are property of East Coast that East Coast could sell at auction.   The Trustee also requests that the Court order Van Kesteren to grant Del Monte access to the Van Kesteren Farm in order to permit it to retrieve the Pumps and Sand Filters.

23.     The Trustee also auctioned other irrigation equipment that is depicted on the attached **Exhibit B** owned the Debtors (the "**Irrigation Equipment**").  The Irrigation Equipment is located on farms formerly leased by one or more of the Debtors.   None of the lessors objected to the sale of the Irrigation Equipment.  In order to avoid any further controversy regarding the Trustee's right to sell or turnover the Irrigation Equipment, the Trustee requests that the order granting this motion also direct each lessor to grant each Prevailing Bidder for the Irrigation Equipment reasonable access to the respective farms in order to permit them to remove the equipment.  Each Prevailing Bidder will responsible for the repair of any damage caused by the removal of the Irrigation Equipment.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order ratifying the sale of the Debtors' Additional Personal Property, and ordering such further relief as the Court may deem just and proper.

This 16th day of September, 2013

                                        BERGER SINGERMAN LLP
                                        *Counsel for the Trustee*
                                        1450 Brickell Avenue, Suite 1900
                                        Miami, FL 33131
                                        Tel. (305) 755-9500
                                        Fax (305) 714-4340

                                        By:    */s/ Jordi Guso*
                                        Jordi Guso
                                        Florida Bar No.  863580
                                        jguso@bergersingerman.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF system and/or U.S. Mail upon all parties on the attached Service List on this 16th day of September, 2013.

*/s/ Jordi Guso*
Jordi Guso

# EXHIBIT "A"

# # 900 TASLEY 1 IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/NORTH







# # 912 TASLEY 11 IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/NORTH







# # 914 TASLEY 7-8 IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/NORTH







# # 913 TASLEY 9-10 IRR

- •Color-STAINLESS
- •Description-FILTERS
- •Farm-VA/NORTH







# # 915 TASLEY 2-4 IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/NORTH







# EXHIBIT "B"

137889-1

# #901 DUER 2 IRR
- Color-STAINLESS
- Description-FILTERS
- Farm-VA/CENTRAL







# #902 BRENTIMUS IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/SOUTH



## #903 C. WEST IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/SOUTH







## #904 P. ELMORE IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/CENTRAL







## #905 KELLAM IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/CENTRAL







# # 906 JOHN ED IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/CENTRAL







# # 907 NOCK  IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/CENTRAL







# # 908 J. KELLAM IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/CENTRAL







# # 909 CAMDEN IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/CENTRAL







# # 910 McMATH IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/NORTH







# #911 TANKARD IRR

- Color-STAINLESS
- Description-FILTERS
- Farm-VA/NORTH







# # 916 Hillsborough IRR
- Color-STAINLESS
- Description-FILTERS
- Farm-VA/CENTRAL





