UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| EAST COAST BROKERS & PACKERS, INC. | Case No. 8:13-bk-2894-KRM |
| BATISTA J. MADONIA, SR. and EVELYN M. MADONIA, | Case No. 8:13-bk-2895-KRM |
| CIRCLE M RANCH, INC. | Case No. 8:13-bk-2896-KRM |
| RUSKIN VEGETABLE CORPORATION, | Case No. 8:13-bk-2897-KRM |
| OAKWOOD PLACE, INC., | Case No. 8:13-bk-2898-KRM |
| BYRD FOODS OF VIRGINIA, INC., | Case No. 8:13-bk-3069-KRM |
| EASTERN SHORE PROPERTIES, INC., | Case No. 8:13-bk-3070-KRM |
| STELLARO BAY, INC., | Case No. 8:13-bk-3071-KRM |
| | **Jointly Administered Under** |
| Debtors. | **Case No. 8:13-bk-2894-KRM** |
| _____/ | |

**ORDER APPROVING MOTION FOR ORDER AUTHORIZING THE SALE
OF REAL PROPERTY ASSET C-4 (RED ROSE INN) PURSUANT TO 11 U.S.C. § 363**

THIS MATTER came before the Court on November 14, 2013 at 3:00 p.m. to consider various matters in these cases. The Trustee apprised the Court that he had received a contract for purchase and sale of the property commonly referred to as Red Rose Inn and moved, *ore tenus*, (the "**Motion**") for approval of the Contract. The Court having considered the argument of counsel for the Trustee, and there being no objection to the proposed sale of the Red Rose Inn, the Court finds and concludes as follows:

A.    The Court has jurisdiction to hear and determine the Motion and all related matters pursuant to 28 U.S.C. §§ 1334 and 157. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicate for the relief granted herein is sections 363(b) and (f)(1), (2) and/or (5) of the Bankruptcy Code, as supplemented by Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

NOW, THEREFORE THE COURT FINDS, DETERMINES AND CONCLUDES AS FOLLOWS THAT:

1. Pursuant to the *Order (I) Granting Trustee's Motion to Establish Sales procedures for Public Sale of Real and Personal Property, (II) Granting, in Part, Trustee's Emergency Motion to Sell Property Free and Clear of Liens, and (III) Scheduling Further Hearings* (the "**Sales Procedures Order**") [ECF No. 319], the Court authorized the Trustee to conduct public auctions of the Debtors' real and personal property, including the Red Rose Inn.

2. Pursuant to the Sale Procedures Order, objections to the Sale Motion were to be in writing and filed on or before September 3, 2013 at 5:00 p.m. prevailing Eastern Time.

3. The Trustee has received an offer to purchase the real property titled in the name of Oakwood Place, Inc., a Florida corporation (the "**Debtor**") located at 2011 N. Wheeler St., Plant City, FL 33563 (the "**Real Property**") from Louis Spiro, or permitted assigns, as the Prevailing Bidder ("**Buyer**") and the Buyer has agreed to the purchase price of $1,500,000.00, upon the terms and conditions contained in the Real Estate Purchase and Sale Agreement (the "**Contract**") attached as Exhibit A to the Notice of Filing of Real Estate Purchase and Sale Agreement for Real Property Asset C-4 [ECF No. 558]. The legal description of the Real Property is attached to this Order as Schedule 1.

4. The Real Property shall be sold "AS IS", "WHERE IS", with all faults. The Closing is to be held within thirty (30) days from the date of this Order (the "**Closing Date**").

5. The proposed sale of the Real Property has been undertaken in good faith and at arm's length by and between the Trustee and the Buyer.

6. All interested parties were given proper notice of the Sale Motion and either consented to the sale, did not file any objection, or the objection was overruled.

7. The Trustee has advanced sound business reasons for seeking the sale of the Real Property prior to confirmation of any Plan of Liquidation, and it is in the best interest of the

estate to sell the Real Property and for the Trustee to execute, deliver and perform his obligations hereunder.

8. The total consideration to be realized by the estate pursuant to the sale is fair and reasonable, and the sale of the Real Property is in the best interests of the Debtor's estate. Accordingly, it is

**ORDERED, ADJUDGED and DECREED that**:

A. Good and adequate notice of the Sale Hearing has been provided under the circumstances.

B. The Contract is approved in all respects. The parties are authorized and directed to undertake the transactions set forth in the Contract and authorized by this Order.

C. Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, and for the total consideration to be paid for the Real Property, at closing, the Trustee is authorized and directed to sell and transfer all of the right, title and interest of the estate in and to the Real Property to the Buyer.

D. The sale of the Real Property is approved in its entirety, and the Trustee, is authorized, empowered and directed to execute and deliver such documents and perform all things necessary to effectuate this Order and to consummate the transactions contemplated by this Order, the Contract, and pursuant to the Motion.

E. Pursuant to §363(b) and (f) of the Bankruptcy Code, the Real Property will be sold and transferred to the Buyer free and clear of any and all liens, encumbrances, interests or claims whether or not allowable (as such terms are defined in the Bankruptcy Code), security interests, title retentions, charges, and any other interest in such property of an entity other than the Debtors' estate including, (collectively, the "Encumbrances"), in existence as of the date of closing, whether arising prior or subsequent to the filing date of the Debtors' voluntary petition

in bankruptcy, with such Encumbrances attaching to the proceeds of the sale at closing, with the same priority, validity, force and effect as they now have against the Real Property. All Encumbrances shall attach solely to the proceeds of the sale and neither the Real Property nor the Buyer shall have any liability therefore, except for liabilities arising from and after the closing date. The Buyer has not assumed responsibility for any of the debts, claims, liabilities and obligations, liquidated or contingent, of the Debtors' estate except as specifically provided in the Contract and this Order.

      F.      At Closing, the Trustee is authorized and directed to pay: (i) outstanding real estate taxes; (ii) Murray Wise and Associates, Inc. its Transaction Fee; and (iii) retain 1.75% of the gross proceeds of the sale as a Carve-Out. The Trustee shall retain the balance of the sale proceeds pending further order from this Court.

      G.      The provisions of this Order authorizing the sale of the Real Property free and clear of Encumbrances at closing shall be self-executing and, upon closing, shall constitute a satisfaction and release of all liens, claims, interests, charges and encumbrances on the Real Property. Neither the Trustee nor the Buyer shall be required to execute or file releases, termination statements, assignments, consignments, or other instruments in order to effectuate, consummate and implement the foregoing provisions; provided, however, that this decretal paragraph shall not excuse such parties from performing any and all of their respective obligations under this Order. The Buyer is further authorized, upon closing, to execute and file such additional statements, instruments, releases or other documents as are necessary or commercially reasonable to discharge liens recorded on public records.

      H.      In the event that the Buyer fails to close by the Closing Date, the Buyer shall forfeit its Deposits.

      I.      The Contract and related documents may be modified, amended or supplemented by the parties thereto without further order of the Court, provided that any such modification, amendment or supplement is not material.

      J.      This Order shall be binding upon and inure to the benefit of the Debtors' estates, the Buyer and their respective assignees.

      K.      The Provisions of this Order are non-severable and mutually dependent.

      L.      This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Order.

      **DONE** and **ORDERED** in Chambers at Tampa, Florida on November 20, 2013.

_____
K. RODNEY MAY
United States Bankruptcy Judge

<u>Copy to</u>:
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
*(Attorney Guso is directed to serve a copy of this Order on interested parties and file proof of service within 3 days of entry of the Order).*

## SCHEDULE 1
### Legal Description

A TRACT OF LAND SITUATE LYING AND BEING IN THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 AND THE NORTHWEST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 20, TOWNSHIP 28 SOUTH, RANGE 22 EAST, HILLSBOROUGH COUNTY, FLORIDA, BEING A PART OF HILLSBORO PARK ADDITION TO PLANT CITY, FLORIDA, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 9, PAGE 3, PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT THE SOUTHWEST CORNER OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 20, TOWNSHIP 28 SOUTH, RANGE 22 EAST, RUN THENCE N. 88°40'11" E, A DISTANCE OF 225.00 FEET TO THE POINT OF BEGINNING, RUN THENCE N 01°04'31" W, A DISTANCE OF 155.18 FEET TO A POINT ON THE SOUTHERN RIGHT-OF-WAY LINE OF THE EXIT ROAD FROM STATE ROAD 400 (INTERSTATE NO. 4) TO STATE ROAD 39, THENCE N 66°09'33" E. ALONG SAID SOUTHERN RIGHT-OF-WAY LINE A DISTANCE OF 88.12 FEET, THENCE CONTINUING ALONG SAID SOUTHERLY RIGHT-OF-WAY LINE FOLLOWING 5 COURSES (1) N 83°42'03" E, A DISTANCE OF 142.78 FEET, THENCE (2) S 72°25'31" E, A DISTANCE OF 91.92 FEET, THENCE (3) S 66°48'14" E, A DISTANCE OF 144.67 FEET TO A POINT OF CURVATURE OF A CURVE CONCAVE TO THE NORTH; THENCE (4) 187.00 FEET ALONG THE ARC OF SAID CURVE HAVING A RADIUS OF 236.00 FEET, A CENTRAL ANGLE OF 45°24'00" AND A CHORD OF 182.15 FEET, WHICH BEARS S 89°30'14" E TO A POINT OF TANGENCY; THENCE (5) N 67°47'46" E, A DISTANCE OF 372.03 FEET, THENCE DEPARTING SAID SOUTHERLY RIGHT-OF-WAY LINE S 50°42'07" E, A DISTANCE OF 98.64 FEET TO A POINT ON THE WEST RIGHT-OF-WAY LINE OF STATE ROAD NO. 39 (N. WHEELER STREET), THENCE S 01°04'00" E ALONG SAID WEST RIGHT-OF- WAY LINE A DISTANCE OF 199.15 FEET; THENCE CONTINUING ALONG SAID WEST RIGHT-OF-WAY LINE S 06°56'29" E, A DISTANCE OF 46.35 FEET, THENCE S 89°10'56" W, A DISTANCE OF 148.76 FEET, THENCE S 00°53'56" E, A DISTANCE OF 180.30 FEET TO A POINT ON THE NORTHERN RIGHT-OF-WAY LINE OF HILLSBORO STREET, THENCE S 89°16'20" W, A DISTANCE OF 637.61 FEET, THENCE N 00°00'39" E, A DISTANCE OF 243.52 FEET TO A POINT ON THE SOUTH LINE OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SAID SECTION 20, THENCE S 88°40'11" W ALONG THE SOUTH LINE OF THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4 OF SAID SECTION 20, A DISTANCE OF 269.17 FEET TO THE POINT OF BEGINNING.